(No. 85-CC-2261— )

HARLEY L. NICHOLS, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed August 13, 1987.*

HARLEY L. NICHOLS, *pro se*, for Claimant.

NEIL F. HARTIGAN, Attorney General (SUZANNE SCHMITZ, Assistant Attorney General, of counsel), for Respondent.

PATCHETT, J.

On July 19, 1983, Claimant was a resident of the Illinois Department of Corrections at Pontiac Correctional Center. On that date, he was preparing to be transferred to Menard Correctional Center. Claimant had assembled and packed all of his personal property in his cell.

Claimant alleges that on that date, he went to the dining room of the Pontiac Correctional Center for his breakfast and left his personal property in his cell. He also claimed that he checked the cell door and it was locked when he left it. The Claimant further alleged that when he returned from his breakfast to his cell, he discovered his television set, converter box, and a fan were missing. Attached to the Claimant's complaint was his personal property permit from Pontiac Correctional Center for his television set and converter.

Claimant alleges that his color television set was worth $285.97, his converter box was worth $43.96, and his fan was worth $35.00.

At the hearing held in this case, the Claimant testified that he had routinely gone to breakfast on the morning of July 19, 1983, and when he returned his property was missing. Claimant went to the guards and told them his property was missing. However, the officer in charge denied that Claimant reported the property missing at an administrative review hearing.

On cross-examination by Respondent, Claimant stated that his cell was locked. He further stated that in order to enter the cell an officer has to unlock the door.

Basically, Claimant's theory is in the nature of *res ipsa loquitur*. The Court has not recognized this legal theory as a basis for awards in prisoner personal property cases. The Court has held that in cases of staff negligence, when affirmatively shown, an award can be made. In this case, no such showing of staff negligence has been made. The Court has also held that where a bailment is shown by a preponderance of the evidence and Respondent cannot show evidence showing due care, then an award may be made. In this case, the Court

has not seen evidence of a bailment. For those reasons, we hereby deny this claim.